**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50099
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL MELENDEZ-LOPEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. P-94-CR-049

February 3, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rafael Melendez-Lopez appeals the district court's findings that two of the prosecutor's

peremptory challenges did not violate Batson v. Kentucky, 476 U.S. 79 (1986). He argues that 1)

the reasons given for the two peremptory strikes were either not race-neutral or a pretext for

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination and 2) the district court abused its discretion in denying the cross-examination of the prosecutor and an *in camera* inspection of the prosecutor's notes taken during voir dire.

A review of the record of the <u>Batson</u> hearing reveals that the prosecutor sufficiently articulated a reason for striking venire member Sylvester Levaria. *See* <u>Polk v. Dixie Ins. Co.</u>, 972 F.2d 84-86 (5th Cir. 1992). Furt hermore, the district court did not clearly err in finding that the prosecutor's reason for striking venire member Maria Navarette did not contain an impermissible racial stereotype and was not a pretext for discrimination. *See* <u>United States v. Tarrazas-Carrasco</u>, 861 F.2d 93, 94-95 (5th Cir. 1988).

We further find that the district court did not abuse its discretion in not allowing the cross-examination of the prosecutor or an *in camera* inspection of the prosecutor's notes. *See* <u>United States v. Clemens</u>, 941 F.2d 321, 323-24 (5th Cir. 1991).

AFFIRMED.